UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK HALL,

Plaintiff,

- against -

RFR HOLDING LLC,

Defendant.

23-cv-6051 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The defendant, RFR Holding LLC, has moved to strike the plaintiff's jury demand. ECF No. 227. The motion is **denied**.

This is an action in which the plaintiff alleges that the defendant breached the settlement agreement between the parties. The plaintiff is a former employee of the defendant and alleges that the defendant failed to abide by the reference provision in the contract. The plaintiff's original complaint in this action, filed in July 2023, included a jury demand. See ECF No. 1. The Civil Scheduling Order signed by the Court on September 28, 2023, designated that this case is to be tried to a jury. See ECF No. 22. The first amended complaint, filed in January 2024, also included a jury demand. See ECF No. 42. The defendant's answer included a counterclaim based on an alleged breach of the same settlement agreement and contained a jury trial demand. See ECF No. 45. The parties litigated this case as though it was to be tried to a jury: the parties submitted proposed jury instructions and proposed voir dire questions. See ECF Nos. 183–87. Significantly, the parties

agreed in the Proposed Joint Pre-Trial Order, submitted on May 29, 2026, that "[t]his case is to be tried to a jury." ECF No. 185, at 6.

It was only after settlement discussions before the Magistrate Judge cratered that the defendant decided to withdraw its counterclaim (with the corresponding jury demand) and rely on a provision of the settlement agreement in which the parties agreed to waive a jury trial with respect to any claim arising out of or based on the settlement agreement. The motion to withdraw the jury trial was filed on June 23, 2026. ECF No. 227.

The defendant's decision to waive a jury trial in the face of a fairly imminent trial was plainly a tactical decision and the reasons for the defendant's change of heart are not credible. The defendant essentially asserts that it now appreciates that the only issues left in the case are solely contract issues, but the only other issue in the case was an alleged violation of the New York Whistleblower Statute that was dismissed on a motion for summary judgment in January 2026. See ECF No. 143.

Whether a request to strike a jury demand should be granted depends on all the circumstances of the case. "[C]ourts will entertain late-filed motions to strike a jury demand unless the party opposing the motion shows (1) an inexcusable delay by the movant and (2) prejudice as a result of the delay." Long Beach Rd. Holdings, LLC v. Foremost Ins. Co., No. 14-cv-1801, 2019 WL 13072678, at *1 (E.D.N.Y. Apr. 4, 2019). In this case, the defendant has inexcusably delayed moving to strike the jury demand that has been in this case since the outset. Additionally, the plaintiff would be prejudiced by

the late motion. The plaintiff credibly argues that it conducted discovery in this case based on the expectation that the case would be tried to a jury. Moreover, the parties' pre-trial submissions to the Court, including the motions in limine, were based on what evidence could be presented to the jury. Finally, the parties agreed in the Proposed Joint Pre-Trial Order that this case would be tried to a jury. The defendant waived any request to strike the jury demand by explicitly agreeing that the case would be tried to a jury. See id. (denying defendant's motion to strike the plaintiff's jury demand "due to the potential prejudice to the plaintiff and the lack of a valid excuse for delay"); Gulf Bay Cap., Inc. v. Textron Fin. Corp., No. 14-cv-209, 2016 WL 4009942, at *2 (M.D. Fla. July 27, 2016) ("The question ... is whether the jury designation in the joint Case Management Report is sufficient to establish Textron's subsequent consent to a jury trial. The Court finds that it is."); Police & Fire Ret. Sys. of City of Detroit v. Watkins, No. 08-cv-12582, 2013 WL 817929, at *2 (E.D. Mich. Mar. 5, 2013) ("Given their delay and contradictory actions, the Court finds that Plaintiffs waived their right to enforce the jury waiver provision; their motion to strike Defendants' jury demand is untimely."); see also Landmark Fin. Corp. v. Fresenius Med. Care Holdings, Inc., 863 F. Supp. 2d 118, 121 (D. Mass. 2012) ("[The plaintiff]'s wasted trial preparation . . . is sufficiently prejudicial to warrant a finding that [the defendant] is estopped from enforcing the jury waiver provision."); Burton v. Gen. Motors Corp., No. 95-cv-1054, 2008 WL 3853329, at *7 (S.D. Ind. Aug 15, 2008) ("Parties have a great deal of latitude on the timing of motions to

strike a jury demand, but the court has discretion to decide whether a motion to strike a jury demand is timely or too late.").

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The defendant's request to strike the jury demand is **denied**. The Clerk is respectfully requested to close ECF No. 227.

**SO ORDERED.**

**Dated: New York, New York**
**July 22, 2026**

**John G. Koeltl**
**United States District Judge**